# IN THE COURT OF APPEALS OF IOWA

-------------------

No. 24-1988
Filed February 25, 2026

-------------------

**State of Iowa,**
Plaintiff–Appellee,

v.

**Jesse Legrant Edwards,**
Defendant–Appellant.

-------------------

Appeal from the Iowa District Court for Greene County,
The Honorable Joseph B. McCarville, Judge.

-------------------

**AFFIRMED**

-------------------

Matthew B. De Jong, Rochester, Minnesota, attorney for appellant.

Brenna Bird, Attorney General, and Genevieve Reinkoester, Assistant
Attorney General, attorneys for appellee.

-------------------

Considered without oral argument
by Greer, P.J., and Schumacher and Ahlers, JJ.
Opinion by Ahlers, J.

**AHLERS, Judge.**

Jesse Edwards pleaded guilty to burglary in the third degree, a class "D" felony. The district court imposed an indeterminate prison sentence not to exceed five years, suspended the sentence, and placed Edwards on probation. One of the terms of probation the district court imposed required Edwards to "be employed full-time, attend[] school full-time, or a full-time combination of both."

Edwards appeals.[1] He raises a single issue. He contends the district court abused its discretion by imposing the described term of probation "because it imposes an unreasonable condition that does not promote his rehabilitation." We review challenges to a term of probation for an abuse of discretion. *State v. Valin*, 724 N.W.2d 440, 444 (Iowa 2006).

"Our district courts are authorized to impose any reasonable conditions that either promote rehabilitation of the defendant or the protection of the community." *Id.* at 445–46 (cleaned up). In trying to achieve that goal, district courts routinely require employment as a condition of probation. *See State v. Jepsen*, 907 N.W.2d 495, 502 (Iowa 2018) (noting a term of probation that the defendant "maintain gainful and full-time employment"); *see also State v. Sims*, No. 19-0316, 2020 WL 1879706, at *1–2 (Iowa Ct. App. Apr. 15, 2020) (affirming a finding of a probation violation for failing to comply with a probation condition to maintain employment);

---

[1] Iowa Code section 814.6(1)(a)(3) (2024) requires a defendant seeking to appeal following a guilty plea to any offense other than a class "A" felony to establish good cause to appeal. Because Edwards raises a claim regarding terms of probation imposed at sentencing, he has good cause to appeal. *Cf. State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (concluding a defendant has good cause to appeal sentencing terms when the sentence imposed was not previously agreed upon by the parties or a mandatory sentencing term).

*State v. Van Essen*, No. 18-2237, 2020 WL 109594, at *1 (Iowa Ct. App. Jan. 9, 2020) (same). Edwards cites no authority that supports his claim that requiring employment or school attendance as a term of probation is an abuse of the court's discretion. Nor does he point to any facts in the record that support his contention that the probation term was unreasonable as it applies to him.

Contrary to Edwards's claims, requiring employment or educational pursuits as a term of probation is reasonable and promotes Edwards's rehabilitation. Employment promotes stability, consistency, responsibility, and financial security, all of which would help rehabilitate Edwards and protect the community. In fact, employment is a factor a court must consider in choosing a sentence. *Damme*, 944 N.W.2d at 106. And a goal of sentencing is to select a sentence that "will provide maximum opportunity for the rehabilitation of the defendant." Iowa Code § 901.5. So it stands to reason that requiring employment as a condition of probation promotes Edwards's rehabilitation. The same is true for the education alternative in the probation term at issue because education can lead to more and better employment opportunities and would also provide Edwards with structure and responsibility.

In short, the term of probation Edwards challenges was reasonable and promotes Edwards's rehabilitation. As such, the district court did not abuse its discretion by imposing it. Accordingly, we affirm.

**AFFIRMED.**